UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jacob Hack et al.,

    Plaintiffs

v.

Federal Bureau of Investigations et al.,

    Defendants

Case No. 2:13-cv-1188-JAD-CWH

**Order Granting in Part
Motion to Dismiss**

[#23]

    Jacob and Lauren Hack allege that, while investigating their adult children for murder, FBI Agent John Tanza "engaged in a witch hunt against Jacob"[1] on the false belief that he was the patriarchal mastermind of the crime. They claim Agent Tanza seduced Lauren, who was estranged from Jacob at the time, and perpetually slandered Jacob in order to trick her into turning over Jacob's computers. She did; the government searched them; and then it publicly disseminated their private contents.[2] The Hacks sue Agent Tanza, the FBI, and the United States for civil rights violations under §1983 and *Bivens*; for violations of the Privacy Act[3] and the Stored Communications Act;[4] and under a handful of state-law tort theories.[5]

    On defendants' motion,[6] I now dismiss the § 1983 claim because the statute does not apply to these federal defendants. I dismiss the *Bivens*, Privacy Act, and Stored Communications Act claims because they are inadequately pled. And I dismiss the tort claims because plaintiffs tacitly concede they never exhausted them under the Federal Tort Claims Act (FTCA). Jacob Hack has until August

---

[1] Doc. 31 at 2.

[2] Docs. 6, 31.

[3] 5 U.S.C. § 552a.

[4] 18 U.S.C. § 2702 et seq.

[5] Doc. 6.

[6] Doc. 23.

1

10, 2015, to file an amended complaint if he can plead facts to support his Fourth Amendment *Bivens* claim against Tanza or a Privacy Act claim against the FBI. All other claims and parties are dismissed with prejudice.

**Discussion**

**A.    Who sues whom for what?**

The Hacks' amended complaint[7] is their operative pleading. The caption and paragraphs 5–6 reflect that the defendants consist of the FBI, former FBI Director Robert Mueller, III; Agent Tanza; and 20 FBI and "U.S. Government" doe defendants.[8] None of the plaintiffs' 16 claims for relief contains a single allegation against Director Mueller, so I dismiss him from this suit.

The complaint is not a model of clarity. A number of typos (primarily the use of the plural noun "plaintiffs" when it appears clear that a claim is brought to vindicate the rights of only one plaintiff) complicate the analysis of its claims. After carefully evaluating each of them in the light most favorable to the plaintiffs, I find that the plaintiffs have attempted to plead the following claims:

| Claim | Legal Theory | Alleged By | Alleged Against |
|---|---|---|---|
| 1 | Civil rights violation under §1983 | Jacob Hack | FBI, USA, Tanza |
| 2–7 | Privacy Act Violations under 5 U.S.C. 552a (g)(1)(C) and (D) | Jacob Hack[9] | Claims 2–3: FBI, USA, Tanza; Claims 4–7: FBI, USA |
| 8 | Stored Communications Act violation under 18 U.S.C. § 2707(g) | Jacob Hack | FBI, USA |

---

[7] Doc. 6.

[8] *Id*. at 1-2.

[9] Paragraph 4 of the complaint states that Lauren "brings this action to vindicate her legal rights to privacy and for a batter committed upon her by John Tanza." Doc. 6 at 2. But the Privacy Act claims only allege violations related to Jacob's information. *See id*. at ¶¶ 133–143, 146–153, 156–163, 166–172, 175–183, and 186–194. The references in the final paragraph of each of these claims to "Plaintiffs" is inconsistent with the factual allegations that support each of those claims. *See id*. at ¶¶ 144, 154, 164, 173, 184, and 195. The same is true of the ninth through sixteenth claims. *See id*. at ¶¶ 202–254.

2

| 9 | *Bivens* claim (Fourth Amendment violation) | Jacob Hack | Doe defendants |
|---|---|---|---|
| 10 | *Bivens* claim (Equal Protection violation) | Jacob Hack | Tanza and doe defendants |
| 11 | Defamation | Jacob Hack | Tanza and doe defendants |
| 12 | False light | Jacob Hack | Tanza and doe defendants |
| 13 | Intrusion upon seclusion | Jacob Hack | Tanza and doe defendants |
| 14 | Publication of private facts | Jacob Hack | Tanza and doe defendants |
| 15 | Battery | Lauren Hack | Tanza |
| 16 | Tortious interference with marital relations | Jacob and Lauren Hack | Tanza, FBI, USA |

It is with this understanding of the scope of the plaintiffs' claims that I evaluate their sufficiency.

**B.    Standards for evaluating the defendants' motion**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[10]  While Rule 8 does not require detailed factual allegations, the Supreme Court held in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* that the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[11]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[12]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[13]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a

---

[10] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[11] *Twombly*, 550 U.S. at 570.

[12] *Iqbal*, 556 U.S. at 678.

[13] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

3

Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[14]  Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[15]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[16]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[17]

**C.     The § 1983 claim is dismissed because there are no state actors.**

The first cause of action contains a § 1983 civil rights claim by Jacob Hack[18] against the United States, the Federal Bureau of Investigation, and FBI Agent Tanza.  But 42 U.S.C. §1983 only authorizes claims against state actors.  A claim under *Bivens v. Six Unknown Named Agents*[19] is the federal counterpart to a § 1983 claim.[20]  The Hacks make it clear from the very first sentence of their complaint that they "bring this action to challenge the actions of [the] Federal Bureau of Investigation" and its investigation of Jacob Hack.  It is clear that this case is not about state action, and a claim under § 1983 is the wrong vehicle for their civil-rights violation allegations.

---

[14] *Iqbal*, 556 U.S. at 678–79.

[15] *Id.* at 679.

[16] *Id.*

[17] *Twombly*, 550 U.S. at 570.

[18] Although paragraphs 126 and 127 refer to "plaintiffs" in the plural, these references appear to be typos.  The facts alleged in this claim all relate to Jacob, not Lauren.  And the remaining language in these paragraphs makes it clear that the rights alleged to be violated are Jacob's.  *See* Doc. 6 at ¶ 126 ("Since April 2011, Plaintiffs has [sic] been subjected to an endless series of harassing and intimidating conduct by Defendant Tanza, which has caused him to expend a massive number of hours defending himself and his reputation and trying to hold his family together."); *id*. at ¶ 127 (these acts "deprived Plaintiffs of their rights, privileges and immunities secured to him . . . .").

[19] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[20] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

1  Accordingly, this first cause of action is dismissed with prejudice because I find beyond a doubt that
2  plaintiffs could plead no set of facts to state a plausible § 1983 claim in this case.

**D.     The Privacy Act claims are dismissed with leave to replead a single claim against the FBI.**

Jacob spreads a single Privacy Act claim over six causes of action (2–7), breaking them up by theory and its related subsection. All, however, arise under 5 U.S.C. § 552a(g)(1).[21] But the Privacy Act only authorizes civil claims against a government agency, not against the United States itself or an individual like Agent Tanza.[22] Claims two and three are dismissed against Tanza; claims two through seven are dismissed against the United States with prejudice because I find beyond a doubt that the plaintiffs cannot state a plausible Privacy Act claim against these defendants.

The FBI argues that these Privacy Act claims must be dismissed against it because Jacob[23] has merely used the statutory buzzwords to plead them, omitting the real factual support required under *Iqbal* and *Twombly*.[24] They also note that Jacob has failed to allege facts to demonstrate that he suffered actual damages—"proven pecuniary or economic harm"—from the alleged Privacy Act violations.[25] I agree.

Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient to survive a motion to dismiss.[26] Jacob's Privacy Act claims consist of little more than conclusory

---

[21] *See* Doc. 6 at 21–29.

[22] *See* 5 U.S.C. § 552a(g)(1) (beginning, "Whenever any agency . . ."); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by the Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals . . .").

[23] Defendants also argue that all Privacy Act claims by Lauren Hack must be dismissed because the act does not authorize her to bring an action for violation of Jacob's rights. Doc. 23 at 17. I do not interpret the complaint to state any Privacy Act claim by Lauren. *See supra* note 9. If Lauren intended to assert a Privacy Act claim, however, I would dismiss it because section 552a(g)(1) only authorizes suit on behalf of the individual whose information was mishandled, and the Hacks do not allege that any of Lauren's information was.

[24] Doc. 23 at 18–28.

[25] *Id.* at 18.

[26] *Iqbal*, 556 U.S. at 678–79.

statements, which are not enough to satisfy *Iqbal* and *Twombly*. His generalized allegation that slanderous or damaging information was disseminated is too vague to permit the court to determine if he has properly alleged facts to support a violation of the statutes he identifies in claims two through seven.

Plus, the damages Jacob pleads are too broad. The United States Supreme Court held in *FAA v. Cooper* that the damages recoverable under the Privacy Act are limited to "proven pecuniary loss"; the statute does not authorize an award of damages for mental or emotional distress.[27] Jacob's prayers for damages for "emotional trauma" "public relations," and "threats to his personal security" for these violations,[28] therefore, are not cognizable under the Act.

Accordingly, claims two through seven are also dismissed against the FBI. But the court is not yet convinced that Jacob cannot plead a plausible claim under the Act. Thus, the dismissal as to the FBI is with leave to amend to plead no more than a single Privacy Act claim[29] if Jacob can allege (1) true facts to support the violations alleged with better detail and (2) damages cognizable under the Act.

### E. The Hacks tacitly concede the dismissal of their Stored Communications Act claim.

In the eighth cause of action, Jacob alleges a claim against the FBI and the United States under the Stored Communications Act.[30] The defendants first argue that the claim is barred against the United States because it is essentially a tort claim that must first be exhausted under the FTCA—and it wasn't.[31] Secondly, they contend that the claim is inadequately pled because Jacob has merely recited the language of the statute with no real facts to flesh it out, leaving the FBI to

---

[27] *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1456 (2012). Although the plaintiffs cite several cases to support their argument that emotional trauma alone supports a Privacy Act claim, these decisions all predate *Cooper*. *See* Doc. 31 at 10–11 (citing federal decisions from 1984, 2005, and 2008).

[28] *See* Doc. 6 at 144, 154, 164, 173, 184, and 195.

[29] Jacob may plead multiple violations and subsections of the Act within this single claim. But there is no reason to separate these multiple violations into distinct causes of action when all of the alleged violations arise under § 552a and are authorized, if at all, by § 552a(g)(1).

[30] *Id*. at 29.

[31] Doc. 23 at 28.

guess what stored communications were kept or used in violation of the Act.[32]  The plaintiffs offer zero response to these arguments.[33]  I find their failure to refute these arguments a tacit concession that the claim against the United States is barred by lack of exhaustion, so plaintiffs' eighth cause of action is dismissed against the United States.  I also conclude that it should be dismissed against the FBI because it is too inadequately pled to state a plausible claim under the *Iqbal* and *Twombly* principles.  Finally, I take the silence in plaintiffs' response as their acknowledgment that the pleading cannot be cured by the allegation of other facts and they therefore wish to abandon this claim.  So the claim is dismissed in its entirety and with prejudice.

**F.     Plaintiffs Concede that their state-law tort claims must be dismissed because they failed to exhaust them under the FTCA.**

Plaintiffs' eleventh through sixteenth causes of action raise various tort claims under state law.[34]  The defamation, false light, intrusion upon seclusion, and publication of private facts claims are all pled against Tanza and doe defendants; the battery claim is alleged against Tanza alone[35]; and the tortious interference with marital relationship claim is pled against Tanza, the FBI, and the United States.[36]

A federal court lacks jurisdiction to hear tort claims against the United States, its agencies, and its agents unless Congress has waived sovereign immunity for these claims.  The FTCA contains a waiver of sovereign immunity for many tort claims if those claims are first timely filed with the government agency.[37]  "The requirement of an administrative claim is jurisdictional" and must be

---

[32] *Id*. at 29.

[33] *See* Doc. 31.

[34] Doc. 6 at 32–38.

[35] Although the facts make it clear that this is based upon Tanza's alleged touching of Lauren Hack, the conclusion paragraph sloppily states that "Plaintiffs' have suffered" injury from this conduct.  *See id*. at ¶ 250.

[36] *Id*.

[37] 28 U.S.C. § 2675(a); *Brady v. U.S.*, 211 F.3d 499, 502 (9th Cir. 2000).

strictly adhered to."[38]  Otherwise, sovereign immunity is not waived, and the court cannot acquire subject-matter jurisdiction over the claim.

Plaintiffs do not allege that their state-law tort claims were administratively exhausted, and the defendants move to dismiss all of these claims because they were not exhausted under the FTCA.[39]  Plaintiffs do not dispute that these claims must be dismissed.[40]  I take this silence as a tacit concession that this court lacks subject-matter jurisdiction over these claims and that plaintiffs intend to abandon them because they cannot demonstrate otherwise.  I thus dismiss plaintiffs' eleventh through sixteenth causes of action with prejudice[41] for lack of subject-matter jurisdiction.

### G. The *Bivens* claims are dismissed with limited leave to amend.

In the ninth claim for relief, Jacob alleges a *Bivens* Fourth Amendment violation claim for unreasonable searches, and in the tenth claim, he alleges a *Bivens* equal protection claim.  Both are alleged against Tanza and the doe defendants.[42]  Defendants move to dismiss the Fourth Amendment-based claim because it contains no allegation that Tanza participated in the offending search; they seek dismissal of the equal-protection claim because it lacks allegations of disparate treatment.[43]  Plaintiffs argue that they've sufficiently pled an improper search, but they offer no

---

[38] *Brady*, 211 F.3d at 502 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)).

[39] Doc. 23 at 7.

[40] They argue only that the FTCA does not bar their § 1983 claim or any of their "Constitutional Tort Claims," Doc. 31 at 4-5, which I take to mean their *Bivens* claims.  Indeed, they appear to expressly concede that their state-law claims are barred. *See id*. at 5 ("To the extent that common law causes of action are barred for failure to exhaust administrative remedies, the § 1983 Cause of Action is still viable . . . .").

[41] I interpret the plaintiffs' concession as an acknowledgment that these claims were not exhausted and that the statutory period for pursuing them administratively has run.  I thus find beyond a doubt that the plaintiffs could plead no set of facts to revive these now-abandoned claims and dismiss them with prejudice.  *See* 28 U.S.C. § 2401(b) (establishing a two-year statute of limitations for filing an action with the appropriate federal agency).

[42] Doc. 6 at 30–32.

[43] Doc. 23 at 14–16.

8

response at all to the challenge to their equal-protection claim.[44]

Jacob may have stated a *Bivens* claim in his ninth cause of action based on an unreasonable search, but not against Tanza. Tanza is not even mentioned in the body of the claim.[45] Instead he alleges that "the United States accessed and searched" his emails and that "John and Jane Doe Defendants' search" of his emails "was not reasonable."[46] The claim concludes, "John and Jane Doe Defendants' search of Jacob C. Hack's emails . . . violated their [sic] Fourth Amendment rights, and gives rise to a claim under the U.S. Constitution pursuant to *Bivens* . . ."[47] It thus appears that this claim is stated only against the John and Jane Doe Defendants, not against Tanza. To the extent that Hack intended to plead this claim against Tanza, too (as the subheading of the claim suggests), Hack missed the mark. His ninth cause of action is dismissed against Tanza[48] with leave to amend.[49]

Tanza is present in Jacob's tenth cause of action for a Fifth Amendment equal-protection violation, but his appearance is a cameo one. Jacob alleges that Tanza and the doe defendants "engaged in a malicious, intentional characterization of Mr. Hack as a heinous criminal, and failed to protect, and indeed violated, his privacy rights as they focused their investigation on him in search of

---

[44] Doc. 31 at 6–10.

[45] *See* Doc. 6 at ¶¶ 202–209.

[46] *Id*.

[47] *Id*. at ¶ 209.

[48] Defendants also argue that Tanza enjoys qualified immunity from the Hacks' claims. *See* Doc. 23 at 14. I find this argument premature at this time and reject it without prejudice to Tanza's ability to raise this argument on summary judgment, assuming that Jacob is able to plead a plausible claim.

[49] Defendants' argument that the dismissal of plaintiffs' tort claims under the FTCA bars any other claim on the same facts, *see* Doc. 23 at 7-8, misunderstands the FTCA's judgment bar. As the Ninth Circuit made clear in *Gasho v. United States*, the preclusion is only triggered by the filing of a second lawsuit; it has no application when tort and constitutional claims are filed in a single action, as they are here. 39 F.3d 1420, 1437–38 (9th Cir. 1994) (holding that "*any* FTCA judgment, regardless of outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment" and clarifying that "Plaintiffs contemplating both a *Bivens* claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions. This will foster more efficient settlement of claims, since the evidence and proof in FTCA and *Bivens* claims often overlap.") (emphasis in original); *see also* 28 U.S.C. § 2676. Defendants' request to dismiss all other claims with prejudice under the FTCA's judgment bar is denied.

1  salacious information."[50]  But these allegations do not state an equal-protection claim.  The essence
2  of an equal protection violation is disparate treatment of a class of persons that is not related to a
3  legitimate state interest.[51]  A successful equal protection claim may be stated by showing that the
4  defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected
5  class.[52]  Or it may be brought by a "class of one," when the plaintiff alleges that he has been
6  intentionally treated differently from others similarly situated and that there is no rational basis for
7  the difference in treatment.[53]

8    Jacob claims that the discrimination he suffered was based on "his association as the father of
9  a person alleged to have committed a crime."[54]  It is not clear whether this is intended as a class-
10 based claim or one based on a class of one.  Either way, Jacob has not alleged that he was treated
11 differently than others.  His failure to respond in any way to the defendants' argument for dismissal
12 of this claim suggests his inability to plead facts to fix it and his intention to abandon it.  Thus, the
13 tenth claim for relief is dismissed with prejudice.

14 **Conclusion**

15   Accordingly, IT IS HEREBY ORDERED that the defendants' motion to dismiss **[Doc. 23] is**
16 **GRANTED in part and DENIED in part** as follows:

17   Plaintiffs' **first, eighth, tenth, and eleventh through sixteenth claims** for relief (§ 1983,
18 Stored Communications Act, *Bivens* equal protection, defamation, false light, intrusion upon
19 seclusion, publication of private facts, battery, and tortious interference with marital relations) **are**
20 **dismissed with prejudice**;

21   Plaintiffs' **second and third claims** for relief (Privacy Act) are **dismissed with prejudice**

---

[50] *Id.* at ¶ 212.

[51] *See, e.g.*, *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

[52] *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

[53] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[54] Doc. 6 at ¶ 215.

against Agent Tanza, and plaintiffs' **second through seventh claims** for relief (Privacy Act) are **dismissed with prejudice against the United States**;

Plaintiffs' **second through seventh claims** for relief (Privacy Act) **against the FBI are dismissed with leave to amend**;

Plaintiffs' **ninth claim** for relief (Fourth Amendment *Bivens* claim) is **dismissed with leave to amend**.

As no claim was stated against FBI Director Robert Mueller, he is terminated from this case.

**This order results in the final termination of all claims by Lauren Hack and all claims against former FBI Director Mueller and the United States.**[55]

**Jacob Hack has until August 10, 2015, to file a second amended complaint that cures the deficiencies identified in this order.**  No claims other than those for which leave has been granted may be pled in this second amended complaint.  If Jacob Hack fails to file a timely and proper second amended complaint, this action will be dismissed in its entirety and the case will be closed.

DATED July 10, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[55] Because all claims against the United States have been dismissed, I need not reach defendants' argument that the claims against the United States should be dismissed under FRCP 4(m).

11